IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS E. ZYSK, | CIVIL ACTION |
| **Plaintiff,** | |
| v. | |
| THERM-OMEGA-TECH, INC., | NO. 23-144 |
| **Defendant.** | |

## MEMORANDUM

Francis E. Zysk ("Plaintiff") filed a complaint against his employer, Therm-Omega-Tech, Inc. ("Defendant"), asserting claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"). (*See generally* ECF No. 1.) Before the Court is Defendant's Motion for Summary Judgment (ECF No. 38.) Plaintiff opposes the Motion. (ECF No. 40.) For the reasons set forth below, the Court denies Defendant's Motion.

**I.    BACKGROUND**[1]

Plaintiff was Defendant's financial controller between January 4, 2021, and September 6, 2022. Plaintiff, at the time of his hiring was sixty-one (61) years old. Plaintiff's responsibilities as a financial controller included the oversight of "all financial and accounting related functions." (ECF No. 38-4 at 39.)

On or around July 20, 2022, Plaintiff informed the executive committee that he would be taking vacation between August 22, 2022, and September 5, 2022. (ECF No. 38-4 at 35.) The week of July 27, 2022, the Plaintiff proceeded to remind the executive committee of his plans to take vacation. (*Id*.) Plaintiff reminded the executive committee, once again, of his plans to take vacation

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

on August 17, 2022, during a meeting with the committee. On August 18, 2022, Plaintiff emailed the President of Therm-Omega-Tech, James Logue, Jr., another reminder that he was going to be taking vacation. (*Id.*) Mr. Logue never responded to Plaintiff's email. (ECF No. 38 at 3-4.) Plaintiff proceeded to take this vacation and was terminated one day after his return from vacation. (ECF No. 38 at 6.)

On September 27, 2022, three weeks after Plaintiff's termination, Mr. Logue attended the annual meeting of the Advisory Board of Logue Family Holdings and gave updates regarding Defendant's operations. (ECF No. 38 at 7.) During this meeting, Mr. Logue informed the Board about his decision to terminate Plaintiff. (*Id.*) In the Board meeting minutes, the reasons for Plaintiff's termination are listed as: "Didn't understand Standard Costing," "Showed $240,000 loss for June, which needed to be corrected," and "Lack of communication and bad attitude." (ECF No. 38-21 at 5.) The meeting minutes also state that Phil Johannes, currently 43 years old, will be the replacement for Plaintiff and that Plaintiff "is probably suing." (ECF No. 38 at 18; ECF No. 38-21 at 5.) In addition to the discussion of Plaintiff's termination, the Board also discussed a "staff meeting with mid-management," making note that mid-management is "average age mid-30s and taking on a lot of responsibility." (ECF No. 38-21 at 4.) Phil Johannes, prior to his elevation to the role of financial controller, was part of this mid-management group. (ECF No. 38-17 at 21.)

Defendant cites Plaintiff's lack of communication regarding his vacation along with general performance deficiencies as the reason for Plaintiff's termination. (*See generally* ECF No. 38.) Plaintiff alleges that he was discriminated against because of his age, as evidenced by his replacement by a younger individual, Phil Johannes, and the Board's comment about mid-management's average age. (*See generally* ECF No. 40.)

## II.   LEGAL STANDARD

A motion for summary judgment must be denied unless the moving party is able to show "no genuine dispute as to any material fact" and that the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility" of identifying the portions of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute is defined as one in which a jury could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). In assessing materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

When the defendant moves for summary judgment, "the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to her case." *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The summary judgment standard requires the court to view the evidence in the light most favorable to the non-moving party, including all justifiable inferences. *Anderson,* 447 U.S. at 255. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 248. If the court finds that any factual issues exist that could be reasonably resolved for either party, and thus requires the presence of a fact finder, then summary judgment must be denied. *Id.* at 250.

## III.   DISCUSSION

### A.   *Prima Facie* Case

For a Plaintiff to succeed on a claim of age discrimination, he must first establish a *prima facie* case of discrimination. To meet this burden, Plaintiff must show that he was: (1) a member

3

of a protected class, (2) discharged, (3) qualified for the job, and (4) replaced by a sufficiently younger person to create an inference of age discrimination. *Showalter v. Univ. of Pittsburgh Medical Ctr.*, 190 F.3d 231, 234 (3d Cir. 1999) (citing *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc)). Plaintiff must show that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Financial Services*, 557 U.S. 167, 176-78 (2009). A plaintiff can meet their *prima facie* burden by providing direct and indirect evidence.

There is no dispute that Plaintiff was a member of a protected class nor that he was discharged. The only questions that remain in dispute are whether (1) Plaintiff was qualified for the job and whether (2) he was replaced with a sufficiently younger individual, creating an inference of age discrimination. Addressing first whether Plaintiff was qualified for the job, Defendant alleges that there was dissatisfaction with Plaintiff's performance throughout his one-and-a-half-year tenure with Defendant. (ECF No. 38 at 14.) Defendant, in support of this contention, provides the testimony of James Logue, Jr., President of Defendant Therm-Omega-Tech. (*Id.*) This testimony states that Defendant failed to manage Defendant's finances, failed to perform the essential duties of the position of Financial Controller and therefore was not qualified. (*Id.*) Plaintiff denies these allegations, calling them "absurd." (ECF No. 40-5 at 8.) Plaintiff alleges that during his tenure, there were never any records—paper or electronic—memorializing Plaintiff's alleged failure to perform duties. Furthermore, Plaintiff alleges that he received a bonus during his tenure. Because issues of credibility are traditionally matters for the factfinder to decide, the Court finds it inappropriate to opine as to who is more credible on this issue. *Anderson*, 477 U.S at 255 ("Credibility determinations . . . are jury functions, not those of a judge[.]") As a result, what is presented here are facts that are material and in dispute. Therefore, there is a genuine dispute of material fact only appropriate for a fact finder to resolve.

Next, as to whether Plaintiff was replaced by a sufficiently younger individual, creating an inference of age discrimination, Plaintiff and Defendant both agree that the current financial Controller of Defendant is Phillip Johannes who is currently 43 years of age. (ECF No. 38 at 18.) Courts in this district and the Third Circuit have determined that "There is no bright line age difference to satisfy the 'sufficiently younger' requirement." *Harman v. Select Rehab., LLC*, 528 F. Supp. 3d 373, 386 (E.D. Pa. 2021) (citing *Showalter v. Univ. of Pittsburgh Med.*, 190 F.3d 231, 236 (3d Cir. 1999)). As this Court recognizes that there is no bright line age difference to meet this requirement, the Court finds that the nearly 20-year difference in age between Plaintiff and his replacement, Phil Johannes, is sufficient to give rise to an inference of age discrimination. Plaintiff has met the requirement of presenting a *prima facie* case of age discrimination.

The next prong of the analysis focuses on what kind of evidence—direct or indirect/circumstantial—the Plaintiff uses to establish their case. When a plaintiff uses direct evidence to support their case, and that evidence shows that age was the "but-for" cause of Plaintiff's termination, the analysis stops there. When a plaintiff uses circumstantial evidence to meet their burden, the familiar *McDonnell Douglas* framework applies. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). While Plaintiff relies in large part on direct evidence to substantiate their claim, limited circumstantial evidence is also presented. As a result, the Court conducts an analysis of Plaintiff's direct and circumstantial evidence.

### B. Direct Evidence

In order to use direct evidence to prove discrimination, that direct evidence must show that "the decision would not have occurred without improper consideration of age." *Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 587 (E.D. Pa. 2013) (citing *Gross*, 557 U.S. at 177). When Plaintiffs provide evidence of stray comments in a Title VII case, the Court must "consider how

and if [stray comments] are related to the adverse employment decision. *Farzan v. Vanguard Grp., Inc.*, 994 F.Supp.2d 637, 646 (E.D. Pa. 2014) (citing *Parker v. Verizon Pa., Inc.*, 309 F'Appx. 551, 558-59 (3d Cir. 2009)). In making this determination there are three factors to consider: (1) the relationship of the speaker to the employee and within the corporate hierarchy; (2) the temporal proximity of the statement to the adverse employment decision; and (3) the purpose and content of the statement. *Id.* "The Third Circuit emphasizes the importance of context as well as temporal proximity of allegedly discriminatory statements to adverse employment consequences." *Glendening v. Fair Acres Geriatric Ctr.*, 2019 WL 5550977, at *3 (E.D. Pa. 2019) (collecting cases).

Plaintiff alleges that a statement made during a board meeting on September 27, 2022, three weeks after Plaintiff's termination, was direct evidence of discriminatory animus. The statement "Staff meeting with mid-management with all departments; average age mid-30s and taking on a lot of responsibility[,]" was made by an unidentified member of the Board. (ECF No. 38-21 at 5.) Plaintiff alleges that one of Defendant's directors admitted that the age of this mid-management group was the only aspect of this group that was discussed during the meeting. (ECF No. 40-5 at 2.) Defendant concedes that Phil Johannes, Plaintiff's replacement, was a member of this mid-management group prior to his elevation to Plaintiff's role, but they allege that discussion of the general makeup of the company does not create an inference of discrimination against Plaintiff. (ECF No. 38 at 18.)

Applying the framework set forth in *Farzan*, the initial step is to identify "the relationship of the speaker to the employee and within the corporate hierarchy." 994 F. Supp. 2d at 646. While the board meeting minutes do not describe the actual speaker of the statement, the statement is listed as discussed by the Board. It is reasonable to conclude that leadership, including

decisionmakers, were present during this meeting. Defendant does not dispute that Mr. Logue, the individual who terminated Plaintiff, was present at this meeting. (ECF No. 38 at 6.) In terms of the relationship of those higher-ups and Plaintiff, we know that Plaintiff was a senior manager and reported directly to the President. Furthermore, because the decision to terminate Plaintiff was made by the President, the Court can reasonably infer that there is a singular connection, if not more, between the members of the board meeting and the people who made the decision to terminate Plaintiff. A reasonable fact finder could find that there was an adequate relationship to satisfy the first prong.

Looking to the next step of the analysis, temporal proximity, the statement about mid-management's age occurred three weeks after Plaintiff was terminated. The suggestion of the temporal proximity between the statement and Plaintiff' termination is further highlighted because Plaintiff's termination was directly discussed in this meeting, along with his younger replacement. While the temporal proximity does not rise to the point of presenting a clear inference of discriminatory animus, the Court finds that a jury could conclude those comments regarding a management group's age, were in adequate proximity to Plaintiff's termination. If a jury comes to that conclusion, then a jury could find the statement to be unduly suggestive as to the subject of age and whether or not it was a factor considered by management at the behest of the board.

Finally, looking at the purpose and content of the message, the Court is unable to draw a clear conclusion. Taking all inferences in favor of the non-moving party, the text of the statement on its face notes that age was being discussed at a board meeting for an undetermined reason. The context of the statement does not provide clarity as to the basis for the comment which could illuminate the meaning. Thus, while the reason for the statement is unclear, the Board did find age to be a topic of discussion. Plaintiff provides testimony from a director that no other characteristics

7

of the mid-management group were discussed aside from age. Furthermore, Plaintiff's termination was discussed in this very same meeting. A reasonable fact finder could potentially find this statement to be direct evidence of discriminatory animus because of the explicit mention of age without any other context, explanation, or description.

While this statement is certainly not the "smoking gun" that Plaintiff asserts it to be, there is merit to the argument that the Board of a company discussing age, particularly the age group of an individual who would go on to replace Plaintiff, could be enough to serve as direct evidence of discriminatory animus. As a result, Plaintiff's direct evidence is sufficient to survive the summary judgment stage.

### C.   Circumstantial Evidence

Although the Court has determined that there is enough dispute of the factual record for a fact finder to find Plaintiff's direct evidence as sufficient for a claim of age discrimination, the Court nonetheless considers the circumstantial evidence under the *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff has already established their *prima facie* case; therefore, the burden now shifts to the Defendant to show a "legitimate, non-discriminatory" reason for Plaintiff's termination. *Id.* at 802. This is a burden that Defendant meets. Defendant cites their legitimate reason of termination as dissatisfaction with Plaintiff's performance and violation of Defendant's policies and procedures. (ECF No. 38 at 14.) In particular, Defendant alleges that Plaintiff did not satisfactorily perform the duties of Financial Controller and that Defendant did not get adequate approvals for a vacation that Plaintiff took prior to his termination. (ECF No. 38 at 4.)

The burden now shifts to Plaintiff to show that Defendant's proffered reasons are pretextual. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Tomasso v. Boeing Co.*, 445 F.3d 702, 706

8

(3d Cir. 2006). Plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonable either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Tomasso*, 445 F.3d at 706 (citing *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994)). The Court finds that a reasonable fact finder could determine that Plaintiff has met their burden. First, there are no records, electronic or paper, that indicate Plaintiff has been deficient in his performance as Financial Controller. (ECF No. 40-5 at 8.) Moreover, Plaintiff even received a bonus from Defendant at the end of 2021 which Plaintiff asserts dilutes, if not extinguishes, Defendant's argument. (*Id.*) Plaintiff notes that the only evidence on the record of Plaintiff's allegedly deficient performance is when it is stated in the deposition of the President of the company, Mr. Logue, and in the September 27, 2022, meeting minutes. As to Plaintiff's alleged violation of Defendant's policy and procedures, remarkably the record does not confirm which policy and procedure handbook applied to Plaintiff. The lack of official records and evidence, aside from statements made after Plaintiff's termination, could lead a reasonable fact finder to determine that Defendant's proffered reasons for terminating Plaintiff were pretextual. Therefore, this claim survives summary judgment.

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment is denied. An appropriate order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**